UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

| | | |
|---|---|---|
| JAMES EDWARD SCHMIDT, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 1:10-cv-1198 |
| | ) | |
| v. | ) | Honorable Paul L. Maloney |
| | ) | |
| COUNTY OF KALKASKA, et al., | ) | |
| | ) | **REPORT AND RECOMMENDATION** |
| Defendants. | ) | |
| _____ | ) | |

This is a civil action brought by a *pro se* plaintiff. Along with the complaint (which is captioned "Notice of Hearing"), plaintiff has submitted a motion for order for accommodations and a proposed order granting a preliminary injunction. The named defendants are Kalkaska County and the Kalkaska County (46th) Circuit Court. The only facts alleged in the complaint are that plaintiff is 64 years old, is legally blind, and uses a wheelchair and that he is therefore disabled. The remainder of the complaint is a conglomeration of barely intelligible quotations from legal authority or citations to federal cases and statutes. From statements made in the accompanying documents, it appears that plaintiff is subject to some sort of criminal proceeding now pending in the Kalkaska County Circuit Court.[1] Plaintiff seeks an order from this court requiring Kalkaska County to provide him unidentified accommodations in connection with the pending criminal case and to halt proceedings in that court.

_____

[1] Plaintiff's papers cite case no. 10-16022-FY. Under Michigan's uniform case-type code system, the "FY" suffix denotes a felony prosecution.

The court has granted plaintiff leave to proceed *in forma pauperis*, in light of his indigence.  Under the provisions of federal law, PUB. L. No. 104-134, 110 STAT. 1321 (1996), the court is required to dismiss any action brought under federal law *in forma pauperis* if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. § 1915(e)(2).  An action may be dismissed as frivolous if "it lacks an arguable basis either in law or in fact." *See Neitzke v. Williams*, 490 U.S. 319, 325 (1989).  Accordingly, an action is frivolous within the meaning of section 1915(e)(2) when it is based on either an inarguable legal conclusion or fanciful factual allegations. 490 U.S. at 325.  The plaintiff "must allege 'enough facts to state a claim to relief that is plausible on its face.'" *Traverse Bay Area Intermediate Sch. Dist. v. Michigan Dep't of Educ.*, 615 F.3d 622, 627 (6th Cir. 2010)(quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  "A plaintiff must 'plead [] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'"  *Albrecht v. Treon*, 617 F.3d 890, 893 (6th Cir. 2010)(quoting *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009)).  "A plaintiff falls short if []he pleads facts 'merely consistent with the defendant's liability' or if the alleged facts do not 'permit the court to infer more than the mere possibility of misconduct[.]'" *Albrecht*, 617 F.3d at 893 (quoting *Iqbal*, 129 S. Ct. at 1949, 1950).  In applying these standards, the court must read plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519 (1972), and accept plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992).

Plaintiff's claim against Kalkaska County and the 46th Circuit Court is subject to dismissal under these principles on numerous, independent grounds. First, plaintiff's papers, taken

as a whole, do not meet the notice pleading standard established by *Twombly* and *Iqbal*, even taking into consideration plaintiff's *pro se* status.  A plaintiff is required to allege facts which, if true, establish at least a plausible violation of his federal rights.  In the present case, plaintiff's papers, read as a whole, contain virtually no factual allegations at all, but are loaded with unintelligible legal assertions.  Plaintiff's papers fail to state a claim upon which relief can be granted against anyone.

Second, plaintiff's suit against the Kalkaska County Circuit Court is barred by the doctrine of sovereign immunity, as embodied in the Eleventh Amendment.  The Eleventh Amendment bars suit in federal court against a state and its departments or agencies unless the state has waived its sovereign immunity or unequivocally consented to be used.  A state's Eleventh Amendment immunity from suit in the federal courts is in the nature of a jurisdictional defense.  *See Edelman v. Jordan*, 415 U.S. 651, 678 (1974).  The circuit courts of the State of Michigan are clearly arms of the state and are therefore immune from suit.  Under the Michigan Constitution, the judiciary is a separate and independent branch of state government.  *See Judicial Attorneys Ass'n v. State of Michigan*, 586 N.W.2d 894, 897-98 (Mich. 1998).  Each state court is part of the "one court of justice" established by the Michigan Constitution.  MICH. CONST. art. VI, § 1; *see Smith v. Oakland County Circuit Court*, 344 F. Supp. 2d 1030, 1055 (E.D. Mich. 2004).  The Sixth Circuit has squarely held that suits against Michigan courts are barred by Eleventh Amendment sovereign immunity.  *See Abick v. State of Michigan*, 803 F.2d 874 (6th Cir. 1986).

Finally, to the extent that plaintiff is asking this court to interfere with a pending criminal prosecution,[2] his action is barred by the doctrine of *Younger v. Harris*, 401 U.S. 37 (1971).

---

[2] On page 2 of his "Order for Preliminary Injunction," plaintiff asks the court to halt all state-court proceedings and to hear the claims *de novo* in the federal court.

In *Younger*, the Supreme Court held that a federal injunction interfering with a pending state criminal prosecution could be issued only "under extraordinary circumstances where the danger of irreparable loss is both great and immediate."  401 U.S. at 45; *accord Perez v. Ledesma*, 401 U.S. 82, 96-97 (1971).  The Sixth Circuit teaches that three factors determine whether a federal court should abstain from interfering in a state-court action:  (1) whether the underlying proceedings constitute an ongoing judicial proceeding, (2) whether the proceedings implicate an important state interest, and (3) whether there is an adequate opportunity in the state proceedings to raise a constitutional challenge.  *See Fieger v. Cox*, 524 F.3d 770, 774-75 (6th Cir. 2008).  To the extent that plaintiff's papers are intelligible, they demonstrate that each of the relevant factors weighs towards abstention.  Plaintiff is apparently the subject of an ongoing criminal prosecution, now in its early stages in the district or circuit court.  All felony prosecutions implicate important state interests.  And plaintiff's requests for accommodation of any disability that he may suffer from can and should be brought to the attention of officials in Kalkaska County.  Consequently, even assuming that plaintiff has stated a valid claim for relief, that claim does not justify interference with proceedings pending in the state court.

## Recommended Disposition

Plaintiff is obviously frustrated with some aspect of the proceedings in which he is now involved in the state courts.  This is no excuse for filing a frivolous request for federal court interference in a state-court matter.  The complaint is brought against a clearly immune

defendant, fails to state a claim, and is barred by the doctrine of *Younger v. Harris*. I therefore

recommend that plaintiff's complaint be dismissed.


Dated: December 16, 2010     /s/ Joseph G. Scoville
                             United States Magistrate Judge


## NOTICE TO PARTIES

Any objections to this Report and Recommendation must be filed and served within fourteen days of service of this notice on you. 28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b). All objections and responses to objections are governed by W.D. MICH. LCIVR 72.3(b). Failure to file timely and specific objections may constitute a waiver of any further right of appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Branch*, 537 F.3d 582, 587 (6th Cir.), *cert. denied*, 129 S. Ct. 752 (2008); *Frontier Ins. Co. v. Blaty*, 454 F.3d 590, 596-97 (6th Cir. 2006). General objections do not suffice. *Spencer v. Bouchard*, 449 F.3d 721, 724-25 (6th Cir. 2006); *see Frontier*, 454 F.3d at 596-97; *McClanahan v. Comm'r of Social Security*, 474 F.3d 830, 837 (6th Cir. 2006).