Writ of Mandamus

FILED - GR
January 11, 2011 9:54 AM
TRACEY CORDES, CLERK
U.S. DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
BY: MKC /  SCANNED BY MK 1/11

## WRIT OF MANDAMUS

CASE #

**1:10-cv-1198**
Paul L Maloney
Chief U.S. District Judge

U.S. DISTRICT COURT

W.D. OF M.I.

ORIGINAL FILED

JAN 05 2011

TRACEY CORDES.CLERK

GRAND RAPIDS, MI

Writ of Mandamus

Petitioner James Edward Schmidt, Pro Se in forma pauperus

v.

Respondents Dennis F. Murphy, Kalkaska County Court Judge and Brian F. Donnelly, Kalkaska County District Attorney,

Petitioner appeared before the respondent Dennis F. Murphy, who was sitting as a local court, based on an accusatory instrument, a warrant and charges by Kalkaska County District attorney, Brian F. Donnelly. James Edward Schmidt alleged it is flawed by error of law. The flawed warrant was used as an excuse for trespassing in a home that he was at (not his) and sanctuary under color of law depriving him (and the woman of the home that was injured severally by officers having had a pacemaker and needing emergency services) of all civil rights and specifically freedom of religion protected by the Constitution of the State of Michigan and the constitution of the United States without due process of law on January 21th, 2010. Neither James Edward Schmidt or the woman of the home ever gave any officer any reason for the unnecessary forceful treatment that led to the woman being sent by ambulance to the hospital in spite of her many pleas for help due to her pacemaker and multiple sclerosis.

Petitioner James Edward Schmidt filed a separate civil case, Pro Se, requesting strict judicial scrutiny, in The Federal District Court, Western Division, State of Michigan, Ottawa County Federal Court House November 24, 2010 before the Honorable Maloney requesting a jury trial of the facts of law as guaranteed by the Michigan State Constitution and the Constitution of the United States"the supreme law of the land". James Edward Schmidt's case is index # 10-3224-FH.

Petitioner also filed motions and an Order to show cause to order a stay of prosecution in the criminal case until a jury of 12 peers heard and judged the facts of the error of law in the Federal District Court of the State of Michigan. This motion was served on District Attorney, Brain F. Donnelly. This was done before any evidence against the petitioner had been presented to a Grand Jury or criminal court.

Petitioner James Edward Schmidt mailed these motions on November 24th, 2010 to Dennis F. Murphy, circuit court judge in Kalkaska County asking for a delay in the Sentencing hearing until his civil complaint had been adjudicated and a new hearing has taken place at the Federal District level.

Respondent Dennis F. Murphy on the same day violated his oath of office and the duty delegated to him by the Constitution of the State of Michigan and the Constitution of the United States and trespassed again on petitioners' rights to due process with the refusal to acknowledge Petitioner because of his continued requests for accommodations as he was Pro Se. Respondent went as far as ignoring every plea for help with accommodations and plea to have his requests and motions be heard." Petitioner James Edward Schmidt was acting Pro Se and was not represented by council.

At one point Respondent went as far as Court Ordering Petitioners Nurse Aid that also drove him to the hearings to act as Petitioners counsel, whereas reading the complete file to the Petitioner and assisting Petitioner in every way an Attorney would. This is in clear violation of both Petitioner and Petitioner's Nurse Aid's rights under the Constitution of the State of Michigan and the Constitution of the United States, again denying Petitioner to due process of law and violation of his civil rights.

Respondent therefore openly ordered Petitioner's Nurse Aid to violate the law and act as an attorney which can she could be prosecuted under the laws of the State of Michigan and the laws of the United States Constitution.

During the same hearing Respondent allowed the District Attorney to consistently provoke severe agitation against the Nurse Aid-(Wendy McIntire) while on the witness stand, not by asking any relevant questions pertaining to the case but by demeaning her physical disabilities as a heart patient with a pacemaker and having Multiple Scoliosis to the point that her Pacemaker went into erratically heart beat status and the Petitioner pleaded with the Respondent to allow her to step down.

At no time did Respondent ever attempt to object to the District Attorney's intentional retaliation against Petitioners Nurse Aid, just because she supported the Petitioners position. This was a clear violation of the Nurse Aid's civil rights as a disabled person under the Michigan Persons with Disabilities Act and the Americans with Disabilities Act under the right not to be retaliated against as the Nurse Aid did provide the court an affidavit as to the character of the Petitioner.

The U.S. Supreme Court has stated that "No state legislator or executive or judicial officer can war against the Constitution without violating his undertaking to support it." **Cooper v. Aaron, 358 U.S. 1, 78 S.Ct. 1401 (1958)**

Any judge who does not comply with his oath to the Constitution of the United States wars against that Constitution and engages in acts in violation of the supreme law of the land. That judge is engaged in acts of treason.

Respondent Dennis F. Murphy also refused all oral and written motions by James Edward Schmidt to defend himself Pro Se with assistance of Counsel ,again trespassing on there inalienable rights.

Respondent Dennis F. Murphy also refused all accommodations requested by Petitioner James Edward Schmidt as Petitioner is legally blind and severely limited in mobility whereas Petitioner uses a wheelchair and has to have additional help with moving the wheelchair due to severe arthritis and limited vision. Petitioner has a full-time Certified Nurse Assistant at home that assists Petitioner with every daily need including grooming needs.

Having taken two, if not three, oaths of office to support the Constitution of the United States and the constitution of the State of Michigan, any judge who has acted in violation of the Constitution is engaged in an act or acts of treason.

If a judge does not fully comply with the Constitution then his orders are void., in **re Sawyer, 124 U.S. 200 (1888**), he/she is without jurisdiction, and he/she has engaged in treason.

Under Federal law which is applicable to all States, the US. Supreme Court stated that if a court is without authority, its judgments and orders are regarded as nullities. They are not voidable, but simply void; and form no bar to a recovery sought, even prior to a reversal in opposition to them. They constitute no justification; and all persons concerned in executing such judgments and sentences, are considered in the law, as trespassers." **Elliot v. Fiersol, 1 Pet. 329, 340, 26 U.S. 328, 340 (1828)**

**The U.S. Supreme Court, in Scheuer v. Rhodes, 416 U.S. 232, 94 S.Ct. 1683, 1687 (1974)** stated that "when a State officer acts under State law in a manner violative of the Federal Constitution, he comes into conflict with the superior authority of the Constitution, and he is in that case stripped of his official or representative character and is subject in his person to the

consequences of his individual conduct. The State has no power to impart to him any immunity from responsibility to the Supreme authority of the United States."

The U.S. Supreme Court has ruled; whenever a judge acts where he or she does not have jurisdiction to act, the Judge is engaged in an act or acts of treason. **U.S. v. Will, 449 U.S. 200, 216, 101 S.Ct. 471, 66 L.Ed. 2d. 192, 406 (1980); Cohens v. Virginia, 19 U.S. (6 Wheat) 264, 404, 5 L.Ed. 257 (1821)**

Respondent three times rejected the petitioner's written motions to delay the Sentencing hearing until his civil case on the error of law was heard and judged, thereby trespassing against the rights of the defendants in violation of the Constitution of the United States.

Respondents letter Dated December 3, 2010 is prima facie evidence that Dennis F. Murphy had placed his personal policy above the Constitution of the United State in an arbitrary and capricious manner trespassing on the

fundamental rights of the petitioners guaranteed by the constitution of the United States, denying Petitioner James Edward Schmidt court-appointed counsel or a new trial based on error of fact and lack of proper representation.

Petitioner is facing irreparable injury if this court fails to reverse the wrongful decision of Dennis F. Murphy to ignore the motions he has acknowledged he received on November 24, 2010 There is no other method of relief before the pending Sentencing hearing January 13, 2011.

The petitioner is asking this court to order a stay of prosecution by the people of the State of Michigan against the petitioner until the constitutional claim of error of law is adjudicated in the Federal District Court Ottawa County State of Michigan

James Edward Schmidt

Pro Se