UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| JAMES EDWARD SCHMIDT, | Case No. 1:10-cv-1198 |
| Plaintiff, | HONORABLE PAUL L. MALONEY |
| v. | Magistrate Judge Joseph G. Scoville |
| KALKASKA COUNTY *et al.*, | |
| Defendants. | |

# OPINION and ORDER

### Adopting the R&R without Objection;
### Dismissing the Complaint for Failure to State a Claim on Which Relief Can Be Granted;
### Denying All Pending Motions as Moot;
### Terminating and Closing the Case

Pursuant to 28 U.S.C. § 636 and W.D. MICH. LCIVR 72.2(b), this matter was automatically referred to the Honorable Joseph G. Scoville, United States Magistrate Judge, who issued a Report and Recommendation ("R&R") on December 16, 2010 (Document 9). Plaintiff did not file any objections, or any document which might reasonably be construed as objections, within the time allotted by the Federal Rules of Civil Procedure and our Local Civil Rules

**The court finds the R&R to be well-reasoned.** As the R&R explains, *pro se* plaintiff James Edward Schmidt ("Schmidt")'s complaint alleges that he is 64 years old, legally blind, uses a wheelchair, and is disabled, but it fails to coherently or clearly describe the nature of the

controversy or the alleged legally actionable wrongs committed by the defendants, merely seeming to request unspecified accommodations in connection with a criminal case pending in Michigan state court, *see* R&R at 1.

First, as the Magistrate notes (R&R at 2-3), even a *pro se* plaintiff must do more than this to meet the notice-pleading standard as interpreted by the U.S. Supreme Court's decisions in *Twombley* and *Iqbal*. *See, e.g., Brown v. Mason*, No. 2:10-cv-783, 2011 WL 31111, *3 (S.D. Ohio Jan. 3, 2011) (Terence P. Kemp, M.J.) (recommending dismissal of *pro se* civil-rights plaintiff's access-to-courts claim, reasoning, "as far as Mr. Brown's access to the courts claim is concerned * * * in response to the motion to dismiss, he mentions for the first time an alleged impact on his criminal appeal, [but] the complaint is not that specific. General allegations that the alleged confiscation or destruction of some (but not all) of an inmate's legal material has had some unspecified impact on the inmate's unspecified legal proceedings are simply not enough, under *Iqbal* and *Twombley*, to state a plausible claim for relief."); *cf. Davis v. Solis,* 2011 WL 831562, *3 (M.D. Tenn. Mar. 3, 2011) (William R. Haynes, Jr., J.) ("While *pro se* complaints are liberally construed and are held to less stringent standards than formal pleadings drafted by lawyers, *pro se* complaints must also satisfy the 'facial implausibility' standard articulated in *Twombley* and *Iqbal*.") (other internal quotation marks and citations omitted) (citing *Stanley v. Vining*, 602 F.3d 767, 771 (6th Cir. 2010)).

Second, the Magistrate is correct (R&R at 3) that Schmidt's claims against the Kalkaska County Circuit Court are barred by the doctrine of sovereign immunity because that court is an arm of the State of Michigan. *See also Pucci v. 19th District Court*, 628 F.3d 752, 760-64 (6th Cir. 2010) (C.J. Batchelder, J. Gibbons, Chief D.J. Maloney) (applying the "arm of the State" standard to

subordinate Michigan state courts).

Third, the Magistrate is correct (R&R at 3-4) to conclude that to the extent that Schmidt's complaint seeks federal-court interference with ongoing state-court criminal proceedings, such interference is prohibited by the *Younger v. Harris* doctrine. *See generally Baze v. Parker*, 632 F.3d 338, 341 (6th Cir. 2011) (noting "a 'longstanding public policy against federal court interference' with state criminal proceedings") (quoting *Younger*, 401 U.S. at 43-44).

The R&R was filed on December 16, 2010 and sent the following day to Schmidt's home address of record in Traverse City, Michigan. As noted above, Schmidt never filed any document which was denominated as objections to the R&R, and did not file any document within the allotted time period which could be construed as objections. Instead, on December 30, 2010, Schmidt filed a document entitled "Complaint Regarding Notice to Appear; Complaint for Discrimidation [sic] and Non-Accommodations Against Defendant; Request for Damages; Affidavit in Support" (document 10). This document, which was erroneously docketed as an amended complaint, is apparently lodged by "Wendy McIntire", who explains that she was a witness in the state-court criminal proceeding against Schmidt, that she has a pacemaker, suffers from muscular dystrophy, uses a walker due to limited mobility, and takes medications; that she was illegally forced to act in a "compacity" for the defendant in that proceeding; that the Kalkaska County Circuit Court and the Kalkaska County prosecutor and others are covering up a fraud by charging Schmidt with a crime that does not exist; that she has filed a *pro se* complaint in state court for discrimination, retaliation, and other alleged wrongs. The McIntire "affidavit" has no relevance whatsoever to the legal issues and conclusions in the R&R, and it makes no attempt to identify any defect in the R&R. It cannot

3

serve as an objection.

Finally, on January 11, 2011, Schmidt filed a document entitled "Writ of Mandamus." It too makes no attempt to identify any defect in the R&R's legal reasoning, instead asking this court to stay the state-court prosecution. *See* Doc 12 at 5. This document likewise does not constitute an objection to the R&R.

For the foregoing reasons, the R&R will be adopted because Schmidt has not filed objections thereto, and because it is cogent and legally correct.

**ORDER**

The R&R [document #9] is **ADOPTED**.

The complaint is **DISMISSED** for failure to state a claim on which relief can be granted

The other pending motions are **DENIED as moot**:

– Application for preliminary injunction [document #5] filed December 6, 2010
– Motion for order for accommodations [document #6] filed December 6, 2010
– Motion for hearing [document #8] filed December 18, 2010
– Petition for writ of mandamus [document #12] filed January 11, 2011

A separate judgment will issue contemporaneously as required by FED. R. CIV. P. 58.

This case is **TERMINATED** and **CLOSED**.

This is a final order, but plaintiff's failure to file objections renders it non-appealable.

**IT IS SO ORDERED** this 5th day of May 2011.

/s/ Paul L. Maloney
Honorable Paul L. Maloney
Chief United States District Judge